EWING & PATTERSON *v.* I. C. WINFREY, ETC.

**Contract, To Refrain From Selling Liquor—Public Policy.**
   A contract to refrain from selling liquor by retail for one year is not against public policy.

APPEAL FROM ADAIR CIRCUIT COURT.

October 18, 1872.

OPINION BY JUDGE PETERS:

In an exchange of hotel property appellee covenanted with appellants that he would not keep a hotel nor permit any one else to do so in the house he that day got of appellants and which was recently occupied by them as a hotel. This covenant was signed by appellee on the 18th of January, 1868.

In the petition it is substantially charged that afterwards, viz.: in July, 1868, appellee contracted with appellants through Barbee and Triplett, their agents, for that purpose, to pay them $125 or to pay them $25 and to Barbee and Triplett, the lessees of their bar, $100, if they would release him from his covenant or obligation not to keep a hotel in said house, and to agree that he might do so and permit him to get a license to retail spirituous liquors there by the drink; that in consideration of said promise to pay

said sums, they did release him, and he procured a license from the county court and the town authorities to keep a hotel and to retail liquor by the small, and kept the hotel and retailed liquor, and they claimed the same which they allege appellee undertook and promised to pay.

The allegations of the petition in relation to the contract to pay the $125 to be released from the obligation not to keep a hotel in the house described were controverted by the answer; but the execution of the writing filed with the petition and the allegation that he procured the licenses but denies that he kept hotel and sold liquor by the small in the house he got of appellants or that he permitted others to do so.

After the evidence was heard the court gave peremptory instruction to the jury to find for the defendant, and appellant's motion for a new trial having been overruled they have appealed to this court.

The evidence of Epperson shows that prior to the expiration of the term for which appellee covenanted he would not keep the hotel in the house aforesaid, he did keep hotel there and sell liquor by the drink, and that he told him he had to pay to that house, pointing to the house of appellant's, one hundred dollars, and this evidence is corroborated by that of Barbee.

We do not perceive how the contract was against public policy. It would seem that the restriction to prevent him from keeping hotel to sell liquor by the drink would be pro bona publico. There is no evidence before the court as to the size of Columbia; but the court may assume that the bar of appellants and of Epperson might have been sufficient to supply the public necessities for liquor in that locality without making it a penal offense in appellants to bind appellee to abstain from selling liquor there for one year only.

The evidence, to say the least of it, tended to prove that there was such contract as appellants alleged, and the court below erred in peremptorily instructing the jury to find as in case of a nonsuit.

Wherefore the judgment is reversed and the cause remanded with directions to allow a new trial and for further proceedings conformable hereto.

Russell, Fogle, for appellants.

Winfrey & Winfrey, for appellees.